IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 26, 2006

## STATE OF TENNESSEE v. PEGGY DALE HALL

**Direct Appeal from the Criminal Court for Pickett County
No. 593      John D. Wooten, Jr., Judge**

───────────────

**No. M2005-02782-CCA-R3-CD - Filed on September 19, 2006**

───────────────

The Defendant, Peggy Dale Hall,[1] was convicted of four counts of statutory rape, and the trial court sentenced her to an eight-year probationary sentence. A violation of probation warrant was subsequently issued, and the Defendant admitted violating the rules of her probation. On appeal, the Defendant contends that the trial court erred when, after revoking her probation, it ordered her to serve the balance of her eight-year sentence in prison. Finding that there exists no reversible error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID G. HAYES and J. C. MCLIN, JJ., joined.

David Brady, John B. Nisbet, III, and April Craven, Cookeville, Tennessee, for the appellant, Peggy Dale Hall.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; William E. Gibson, District Attorney General; Dale Potter, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I. Facts

In October of 2000, the Defendant pled nolo contendere to four counts of statutory rape, and the trial court sentenced her to two years for each count and ordered that the sentences run consecutively. The Defendant was ordered to serve her sentence on probation. On August 24, 2005, a warrant was issued alleging that the Defendant had violated her probation by: (1) leaving the state

─────────

[1]We note that portions of this record, including the original judgment of conviction, list the Defendant's name as Peggy Hall. The violation of probation warrant and the technical record both list the Defendant's name as Peggy Dale Hall, and we will, therefore, refer to the Defendant by that name.

without permission on August 18, 2005; (2) not paying $75.00 of fees; and (3) not paying $240.50 in court costs.

At a hearing on the probation violation warrant, the Defendant's probation officer testified about the three violations listed in the warrant. The officer then told the trial court that the Defendant had provided her with a receipt that morning that showed that the Defendant had paid the outstanding $240.50 in court costs. The probation officer told the court that the Defendant had previously violated her probation by leaving the State without permission. The Defendant's attorney told the trial court that the remaining money would be paid later on the day of the hearing.

Upon questioning by the trial court, the Defendant admitted that she had left Tennessee without permission and traveled to Bowling Green, Kentucky. She expressed her desire to plead guilty to violating this term of her probation, but she wanted to explain. By way of explanation, the Defendant's attorney told the trial court that the Defendant had traveled to Bowling Green to purchase a pet turtle from a flea market for her little girl. She said that the Defendant's daughter had had a hard life, and she wanted to make her happy. The Defendant apologized to the court.

The State asserted that this was the second time that the Defendant had violated the terms of her probation. The first time, the Defendant was incarcerated for nine months and then placed back on probation, but she still violated the terms of her probation a second time. The State also noted that the Defendant told the court that she could not pay court costs but also that she had the money to buy a pet turtle. The State asked the trial court to revoke the Defendant's probation and order her to serve the balance of her sentence in prison.

The trial judge then reminded the Defendant that he had told her that she must abide by all of the rules of her probation and that she had violated them the first time by leaving the State. He reminded her that he sentenced her to nine months. The trial court noted that when the Defendant was back on probation she "decide[d] on your own to do something, in a way silly, in a way frivolous and . . . leave the State again. . . ." the trial judge said:

> You know, the shocking thing about this is, I thought that you would've learned from the other nine months that you did and indeed the other 30 days that you did. You and your co-defendant took advantage of a young girl, and you had an eight year sentence to do, and I meant what I said back then don't mess with me or don't test me. So the way I usually do it, ma'am, I give people - I've given you one extra bite at the apple here by just allowing you to do some split confinement the last time, but when you go and do the exact same thing, I would not be doing my job if I did not revoke your probation. Probation revoked.

It is from this order that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant contends that the trial court erred when, after revoking her probation, it ordered her to serve the balance of her eight-year sentence in prison. When a trial court determines by a preponderance of the evidence that a probationer has violated the conditions of his or her probation, the trial court has the authority to revoke probation. Tenn. Code Ann. § 40-35-311(e) (2003). Upon finding that the defendant has violated the conditions of probation, the trial court may revoke the probation and either: (1) order incarceration; (2) order the original probationary period to commence anew; or (3) extend the remaining probationary period for up to two additional years. State v. Hunter, 1 S.W.3d 643, 644 (Tenn. 1999); see Tenn. Code Ann. §§ 40-35-310,-311(e), and 308(c) (2003). The defendant has the right to appeal the revocation of his probation and entry of his original sentence. Tenn. Code Ann. § 40-35-311(e). Upon a finding of a violation, the trial court is vested with the statutory authority to "revoke the probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered . . . ." Tenn. Code Ann. § 40-35-311(e); Hunter, 1 S.W.3d at 646 (holding that the trial court retains the discretionary authority to order the defendant to serve his or her original sentence in confinement). Furthermore, when probation is revoked, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension . . . ." Tenn. Code Ann. § 40-35-310.

The decision to revoke probation is in the sound discretion of the trial judge. State v. Kendrick, 178 S.W.3d 734, 738 (Tenn. Crim. App. 1991); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). The judgment of the trial court to revoke probation will be upheld on appeal unless there has been an abuse of discretion. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). To find an abuse of discretion in a probation revocation case, the record must be void of any substantial evidence that would support the trial court's decision that a violation of the conditions of probation occurred. Id; State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). Proof of a probation violation is sufficient if it allows the trial court to make a conscientious and intelligent judgment. State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984). In reviewing the trial court's finding, it is our obligation to examine the record and determine whether the trial court has exercised a conscientious judgment rather than an arbitrary one. Mitchell, 810 S.W.2d at 735. In our view, after exercising a conscientious judgment as to whether or not a Defendant has violated the terms of a probated sentence, the trial court must also exercise a conscientious rather than arbitrary judgment as to an appropriate disposition. State v. Steven Kelly Fraze, No. M2005-01213-CCA-R3-CD, 2006 WL 618300, at *9 (Tenn. Crim. App., at Nashville, Mar. 13, 2006), *no Tenn. R. App. P. 11 application filed*.

In the case under submission, the Defendant admitted a violation of the terms of probation. This alone is substantial evidence of record to support the trial court's revocation order. See State v. Michael Emler, No. 01C01-9512-CC-00424, 1996 WL 691018, at *2 (Tenn. Crim. App., at Nashville, Nov. 27, 1996) (holding where the defendant admits a violation of the terms of probation, revocation by the trial court is neither arbitrary nor capricious), *no Tenn. R. App. P. 11 application filed*. Further, we respectfully disagree with the Defendant's assertion on appeal that the trial court

acted "too harshly" in this case. The record indicates that the trial court had dealt with at least one prior violation of probation by this Defendant in this case, and had refrained from ordering the Defendant to serve her sentence. Therefore, in our view, the trial court certainly did not abuse its discretion when it ordered the Defendant to serve her original sentence in prison after finding that the Defendant had again failed to abide by the terms and conditions of probation.

### III. Conclusion

In accordance with the foregoing authorities and reasoning, we affirm the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE